# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| FREDRICK E. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-445-TS |
| | ) | |
| ST. JOSEPH COUNTY JAIL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

Fredrick E. Smith, a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

*Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quotation marks and citations omitted). However, "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Smith claims that on September 6, 2008, he slipped and fell in some water at the jail. He claims that guards were called and that he was taken to the emergency room where he was prescribed medication. He claims that he has never received that medication and that he is still being denied access to it.

Although the Eighth Amendment's proscription against cruel and unusual punishments applies only to persons convicted of crimes, and although the rights of pretrial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). A violation of the Eighth Amendment's Cruel and Unusual Punishments Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In a similar case, the Tenth Circuit stated:

> To begin with, while the standing-water problem was a potentially hazardous condition, slippery floors constitute a daily risk faced by members of the public at large. Federal courts from other circuits have therefore consistently held that slippery prison floors do not violate the Eighth Amendment.

*Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (collecting cases). "Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles." *Id.* (quotation mark omitted). Therefore, any claim based on the fall itself must be dismissed without prejudice so that Smith can pursue whatever state law remedies he may have.

This leaves Smith's claim for an ongoing denial of medical treatment. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). Giving Smith the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, he has stated a claim.

However, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "No action shall be brought until exhaustion has been completed." *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (quotation marks omitted). Although exhaustion is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted).

Here, Smith states that he did not file a grievance because he was in too much pain. Although it is possible to innocently fail to exhaust administrative remedies, *see Pavey v. Conley*, No. 07-1426, – F.3d –, 2008 WL 4191353 (7th Cir. 2008), because Smith's Complaint is about an ongoing denial of medical treatment, his explanation as to why he did not exhaust the administrative remedies is unconvincing. If Smith was not in too much pain to file this lawsuit (which required completion of a six-page form and an *in forma pauperis* petition), then he could not have been in too much pain to file a grievance. Thus, Smith's failure to exhaust administrative remedies was not innocent, and he may not proceed with this case. However, after he has exhausted the administrative remedies, he may then file another lawsuit if necessary. *See Ford*, 362 F.3d at 398.

For the foregoing reasons, the Court **DISMISSES** this case **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on October 20, 2008.

        s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION